**Stephen M. DANIELS, Sr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 01–3313.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2001.

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Stephen M. Daniels, Sr., appeals from the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Daniels v. United States Postal Serv.,* 88 M.S.P.R. 630 (2001) (*"Daniels II"*). Because the Board did not err in dismissing the appeal, we *affirm.*

---

## DISCUSSION

On February 13, 1999, Mr. Daniels began serving a ninety-day initial probationary period as a Mail Handler at the United States Postal Service ("the agency"). The agency terminated Daniels on May 4, 1999, before the expiration of the probationary period, purportedly for "failure to meet the requirements of [his] position." Letter from Yolanda Briseno, Human Resources Specialist, U.S. Postal Service, to Stephen M. Daniels (May 4, 1999).

Daniels challenged his removal by filing a complaint at the Equal Employment Opportunity Commission ("EEOC") alleging unlawful race and age discrimination, and an appeal to the Merit Systems Protection Board alleging unlawful discrimination against a veteran under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") of 1994, 28 U.S.C. § 4301. As a result of a settlement of his EEOC complaint, Daniels was reinstated to his position in the agency and partially compensated. Daniels continued to pursue his appeal to the Board, seeking his remaining lost income and benefits as well as the same employment status as others hired at the same time.

After a hearing at which Daniels and his supervisor, Ms. Linda Moore, testified, an administrative judge of the Board found that, although the agency's purported ground for termination (poor performance) was not plausible, Daniels had not proved a *prima facie* case of a USERRA violation and therefore denied his appeal. *Daniels v. United States Postal Serv.*, No. DA–3443–99–0480–I–2 (MSPB Nov. 11, 2000) ("*Daniels I*"). The full Board dismissed the appeal for lack of jurisdiction on the ground that Daniels' allegations did not raise a claim that his military service was the motivating factor in his termination and thus did not raise a USERRA claim. *Daniels II*, 88 M.S.P.R. at 632–33. Daniels timely appealed to this court. We

have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). The Board's jurisdiction is limited to those actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); 5 C.F.R. § 1201.3(a) (2001). The scope of the Board's jurisdiction is a question of law that we review *de novo*. *Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed.Cir.1998). Daniels has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal. *See* 5 C.F.R. § 1201.56(a)(2) (2001).

█ On appeal, Daniels argues that the Board gave insufficient weight to the friction between him and Moore, friction that he attributes to his military experience training supervisors, documenting training procedures, and other events. For example, Daniels informed Moore that his performance evaluations were overdue and that the length of shifts at the "dumper" machine presented a safety hazard. According to Daniels, as a result of his military experience, he was able to identify discriminatory practice, poor supervision, and the need for proper documentation of training. Daniels reasons that those abilities were the cause of his termination.

█ USERRA prohibits employment discrimination on the basis of military service, stating in relevant part:

A person who ... has performed ... uniformed service shall not be denied

initial employment, reemployment, retention in employment, promotion or any benefit of employment by an employer on the basis of that ... performance of service ....

38 U.S.C. § 4311 (1994). An employee claiming discrimination under USERRA bears the initial burden to show by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action. *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed.Cir.2001) (citations omitted). Daniels has not met that burden. Rather, his allegations amount to disagreement with the agency concerning workplace operations, including how new employees should be trained, how supervisors should do their jobs, and how long shifts should last. The fact that those disagreements may have been influenced by his military experience is not sufficient to constitute discrimination under USERRA. Daniels was not terminated because of his military service. We therefore conclude that the Board did not err in determining that Daniels had not alleged a USERRA claim sufficient to confer jurisdiction to the Board.

We have considered Daniels's remaining arguments and find them unconvincing.

Because the Board's dismissal of Daniels's appeal was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.