NOTE: This disposition is nonprecedential

# United States Court of Appeals
# for the Federal Circuit

---

**DAWN SHIPLEY-JOHNSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2010-3155

---

Petition for review of the Merit Systems Protection Board in case no. NY4324100135-I-1.

---

Decided: December 14, 2010

---

DAWN SHIPLEY-JOHNSON, West Point, New York, pro se.

DAVID S. BROOKS, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMAN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

ARMANDO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before LOURIE, CLEVENGER, and MOORE, *Circuit Judges*.

PER CURIAM.

Dawn Shipley-Johnson seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. *Shipley-Johnson v. U.S. Postal Serv.*, Docket No. NY-4324-10-0135-I-1 (May 28, 2010). We *affirm*.

I

Ms. Shipley-Johnson, a long-time employee of the United States Postal Service ("agency"), requested leave without pay from August 1 through August 15, 2009, in order to assist her children in beginning a school year, at a time when her husband had been called to active military duty in a foreign theater of war. The agency denied her request. Ms. Shipley-Johnson nonetheless was absent from work from August 3 through August 15, 2009. On September 15, 2009, the agency notified Ms. Shipley-Johnson of its intent to remove her from Federal employment due to her absence without leave. The agency deferred the removal decision, however, until its Dispute Resolution Team ("DRT") considered the facts of the case.

On November 19, 2010, the DRT concluded that the agency had failed to afford Ms. Shipley-Johnson her rights to leave without pay under the Family and Medical Leave Act ("FMLA"), and thus held that the proposed removal action be rescinded. The DRT ordered Ms. Shipley-Johnson to be "made whole for any losses suffered due to this action" and her record to be corrected to reflect the rescission.

II

Ms. Shipley-Johnson appealed to the Board asserting violation of her rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). She alleged that the agency's proposed removal action was a discriminatory or retaliatory act against her on account of her exercise of USERRA rights. Even though the proposed removal had been rescinded, she emphasized that the agency's proposed removal action had caused her genuine adversity, including emotional and physical duress. She sought compensation "for the damages: punitive, compensatory, adverse action, defamation, ridicule, intentional infliction of emotional distress, etc." The Board issued a show cause order asking Ms. Shipley-Johnson to demonstrate that the Board had jurisdiction over her USERRA complaint. In response, she pointed to 38 U.S.C. § 4311(b), which protects non-military personnel from retaliation or discrimination when such non-military persons take actions "to enforce a protection afforded to any person under this chapter [i.e. Chapter 43 of USERRA]." In ordinary English, section 4311(b) protects a non-military person who helps a military person enforce his Chapter 43 USERRA rights, when an employer has taken a retaliatory or discriminatory act against the non-military person. To succeed with a section 4311(b) claim, the non-military person (in this case, Ms. Shipley-Johnson) must identify a USERRA right that

she was helping to enforce. As the rights she was helping to enforce, Ms. Shipley-Johnson pointed to Section 308 and Section 702 of the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. §§ 538 and 592. Because the rights afforded to servicemembers in the two statutes Ms. Shipley-Johnson cited are not rights "afforded to any person" under Chapter 43, the Board held that Ms. Shipley-Johnson failed to identify any protection for a person under Chapter 43 that she was attempting to enforce. Absent any such Chapter 43 right, the Board concluded that Ms. Shipley-Johnson had failed to establish jurisdiction over her USERRA claim.

## III

Ms. Shipley-Johnson timely sought review of the Board's final decision in this court. We must affirm the Board's final decision unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c).

As the Board clearly explained in its decision, Ms. Shipley-Johnson's USERRA claim cannot proceed unless she can point to a Chapter 43 right that she was seeking to enforce. In her informal brief to this court, Ms. Shipley-Johnson again points to sections 308 and 702 of SCRA. We agree with the Board that the rights afforded under those two statutes are not rights afforded under Chapter 43. We therefore hold that the Board committed no error in dismissing Ms. Shipley-Johnson's USERRA claim.

With regard to Ms. Shipley-Johnson's dismay over the agency's refusal to grant her leave without pay to get her children started in a new school year, the Board noted that it "can understand her sense of aggrievement at the agency's denial of her request and the issuance of the

Notice of Removal based on her absence following the denial."

As previously discussed, the DRT ordered the agency to rescind the proposed removal and make Ms. Shipley-Johnson whole for her losses. We understand that Ms. Shipley-Johnson has reason to be upset, but USERRA provides her no avenue for relief. We affirm the Board's final decision.

### Costs

No costs.