NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT HOLMES, JR.,**
*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2012-3191

---

Appeal from the Merit Systems Protection Board in case no. DA4324110661-I-1.

---

Decided: January 11, 2013

---

ROBERT HOLMES JR., of Buena Vista, Georgia, pro se.

DAVID A. LEVITT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before RADER, *Chief Judge,* DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Robert Holmes, Jr. seeks review of a final decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal for lack of jurisdiction. In the dismissed appeal, Mr. Holmes alleged that the Department of Justice ("DOJ") violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). After an administrative judge reviewed and considered the written documents and statements in the record, the full Board agreed that Mr. Holmes failed to allege that the DOJ discriminated against him on the basis of his prior military service when the DOJ advised the Office of Workers' Compensation Programs ("Office of Workers Compensation") to deny his claim for job-related disability compensation.[1] *Robert J. Holmes, Jr. v. Dep't of Justice,* No. DA-4324-11-0661-I-1 slip op. at 3–4 (M.S.P.B. July 25, 2012). For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Holmes is a veteran who served overseas in the Gulf War. Mr. Holmes states that he suffered from Post-Traumatic Stress Disorder ("PTSD") following that service. He worked for the DOJ as an Accounting Technician until his removal on September 20, 2000 for an inability to perform required duties. Before his removal, in June

---

[1] The Office of Workers' Compensation Programs, part of the Department of Labor, administers four major disability compensation programs which provide wage replacement benefits, medical treatment, vocational rehabilitation and other benefits to certain workers or their dependents who experience work-related injury or occupational disease.

2000, he requested occupational disability compensation for an injury allegedly caused by job-related stress. Specifically, he stated that his job exacerbated his PTSD and he sought continuation of pay ("COP") for forty-five days while he gathered additional evidence of the alleged medical disability. The Office of Workers Compensation denied the COP request after the DOJ provided advice that the PTSD-related injuries were not a result of Mr. Holmes's employment.

Some eleven years later, on September 11, 2011, Mr. Holmes filed an appeal with the Merit Systems Protection Board. The USERRA claim moved forward because there is no statute of limitations. *Erickson v. U.S. Postal Service*, 636 F.3d 1353, 1358 (Fed. Cir. 2011). The appeal sought review of the DOJ's advisory opinion recommending that the Office of Workers Compensation reject the claim for COP based on job-related stress. The administrative judge dismissed the appeal for lack of jurisdiction because an injury arising out of military service is not cognizable under USERRA. A9 (citing *Hammond v. Dep't of Veterans Affairs*, 98 M.S.P.R. 359, ¶ 8 (2005)). The decision clarified as a matter of law that Mr. Holmes's claim was "not based on the appellant's status as a veteran or his performance of, or obligation to perform, military service." A10. The administrative judge found that the DOJ's action was not a result of Mr. Holmes's prior uniformed service, but rather, the fact that the injury occurred outside of his work with the DOJ. A9. The full Board affirmed the determination. Mr. Holmes timely appealed, and we have jurisdiction to review the Board's final decision under 38 U.S.C. § 4324, and 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of the Board's determination that it lacked jurisdiction is a question of law that we consider *de novo*. *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed.

Cir. 2011). When reviewing the underlying factual findings, we must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

### DISCUSSION

According to the USERRA, discrimination is prohibited against:

> [a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied . . . any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). The petitioner is required to prove the performance of military service was "a motivating factor" in the employer's discriminatory action. 38 U.S.C. § 4311(c); *see also Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001) ("[I]n USERRA actions there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the agency action.").

On appeal Mr. Holmes argues that his PTSD was a motivating factor in the DOJ's recommendation to deny his request for forty-five days of COP, but the record is devoid of any well-pled allegation or evidentiary showing that the recommendation to deny the COP request was motivated by Mr. Holmes's membership, application for membership, or performance of military service. *See* 38 U.S.C. § 4311(a). Instead, his appeal was based on allega-

tions of injuries he sustained due to service in the Gulf War and not on discrimination due to his military status, as required under the statute.

A PTSD injury alone is not enough to raise a cognizable discrimination claim under USERRA. As the administrative judge correctly explained, "[T]he fact that an appellant's injury occurred during his military service does not transform his allegation into a USERRA claim." A9 (internal citations omitted). Here, Mr. Holmes's PTSD injury developed while he served on active duty, but it preceded his DOJ employment and the recommendation to deny COP would have been the same regardless of whether the injury arose from civilian or military activities. *See Daniels v. U. S. Postal Service*, 25 F. App'x. 970, 972 (Fed. Cir. Dec. 10, 2001); *see also McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 414–15 (1998) (noting that 38 U.S.C. § 4301(a)(3) mentions "service" and not injuries or disabilities arising from that service). Because the facts underlying Mr. Holmes's claim are not tied to any cognizable discrimination, there was no valid USERRA claim. We have considered Mr. Holmes's remaining arguments and find that they provide no basis for relief. For the foregoing reasons, the decision of the Board is hereby

## AFFIRMED

### COSTS

No costs.