# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHAWN GONZALEZ,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DC-4324-15-0636-I-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　　　Agency. | DATE: November 23, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Shawn Gonzalez</u>, Ruther Glen, Virginia, pro se.

<u>Patricia Del Vecchio</u>, Saint Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    Effective October 1, 2014, the agency terminated the appellant from a GS-5 Area Technician position in the competitive service during her probationary period.  *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-315H-15-0114-I-1, Initial Appeal File, Tab 1 at 14-22, Tab 5 at 10-11. The appellant filed a Board appeal challenging her termination, which the administrative judge dismissed for lack of jurisdiction, finding that the appellant had no right to appeal under 5 C.F.R. § 315.806 or 5 U.S.C. chapter 75.  *See Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-315H-15-0114-I-1, Initial Decision (Dec. 12, 2014).  In an April 17, 2015 final order, the Board denied the appellant's petition for review of that initial decision, but forwarded for docketing as a new appeal her USERRA claim, raised in the first instance on review, that the agency had terminated her based on her military service.[2] *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-315H-15-0114-I-1, Final Order at 6-7 (Apr. 17, 2015); *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-315H-15-0114-I-1, Petition for Review File, Tab 1 at 4-6, Tab 7.  This appeal followed.

¶3    After the appellant withdrew her request for a hearing below, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-4324-15-0636-I-1, Initial Appeal File (IAF), Tab 19 at 4, Tab 26, Initial Decision (ID).  She found that the appellant failed to establish jurisdiction over a

---

[2] While a probationary termination is not an adverse action over which the Board has jurisdiction under 5 U.S.C. chapter 75, the Board may have jurisdiction over an appeal alleging, inter alia, that an agency's action in terminating an employee during his probationary period was discriminatory on the basis of his prior military service. *Wright v. Department of Veterans Affairs*, 73 M.S.P.R. 453, 454 (1997).

USERRA discrimination claim under 38 U.S.C. § 4311(a) because, although the appellant had alleged that her second-line supervisor terminated her employment based on her military service, she did not "explain the basis for her belief," or otherwise raise a nonfrivolous allegation that her termination was due to her military service.  ID at 3-4.  She further found that the appellant failed to raise a nonfrivolous allegation that the agency retaliated against her in violation of 38 U.S.C. § 4311(b).  ID at 4.

¶4      The appellant has filed a timely petition for review, in which she argues, among many other things, that the administrative judge erred in dismissing her appeal for lack of jurisdiction.  MSPB Docket No. DC-4324-15-0636-I-1, Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to raise a nonfrivolous allegation of jurisdiction over her USERRA retaliation claim under 38 U.S.C. § 4311(b).</u>

¶5      On review, the appellant argues that she established jurisdiction over her claim under 38 U.S.C. § 4311(b) because she alleged below that the agency terminated her employment in retaliation for filing an equal employment opportunity (EEO) complaint and for protected whistleblowing.  PFR File, Tab 1 at 7-9; *see* IAF, Tab 23 at 11-14.  We agree with the administrative judge that the appellant failed to establish jurisdiction over her claim under 38 U.S.C. § 4311(b).  ID at 4.

¶6      Pursuant to section 4311(b), an employer may not retaliate against an employee for pursuing or assisting another individual in pursuing his USERRA rights.  Thus, to establish jurisdiction over a claim under section 4311(b), the appellant must raise a nonfrivolous allegation that she engaged in activity

protected under 38 U.S.C. chapter 43.[3]  *See Shipley-Johnson v. Merit Systems Protection Board*, 405 F. App'x 479, 480 (Fed. Cir. 2010) (finding that an appellant failed to establish jurisdiction over a section 4311(b) claim where she alleged that an agency retaliated against her for helping to enforce rights under the Servicemembers Civil Relief Act of 2003, 50 U.S.C. app. §§ 538 and 592, because those rights were not afforded under 38 U.S.C. chapter 43);[4] *Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶ 10 n.3 (2009) (concluding that, for purposes of establishing jurisdiction under section 4311(b), a prior Board appeal against an agency involving a claim under the Veterans Employment Opportunities Act of 1998 was not an action to enforce a protection under 38 U.S.C. chapter 43).

¶7    The appellant failed to raise a nonfrivolous allegation that she engaged in activities protected under 38 U.S.C. chapter 43.[5]  PFR File, Tab 1 at 7-9; IAF, Tab 23 at 11-14.  Therefore, the administrative judge properly dismissed the appellant's claim that the agency violated section 4311(b) for lack of jurisdiction. ID at 4; *see Shipley-Johnson*, 405 F. App'x at 480; *Weed*, 112 M.S.P.R. 323, ¶ 10 n.3.

---

[3] The appellant alleged that she had not filed a USERRA complaint with the Secretary of Labor.  IAF, Tab 3 at 5; *see* 5 C.F.R. § 1208.11(b) (if an appellant first files a USERRA complaint with the Secretary of Labor pursuant to 38 U.S.C. § 4322, she may not file a USERRA appeal with the Board until the Secretary notifies the appellant that the Secretary was unable to resolve the complaint).  The agency does not dispute this claim. *See* IAF, Tab 12 at 4-7; PFR File, Tab 3.

[4] Although *Shipley-Johnson* is nonprecedential, the Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit where, as here, it finds it persuasive. *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).

[5] On review, the appellant contends that the administrative judge did not consider EEO affidavits that she submitted below in determining whether the Board had jurisdiction over her claim under section 4311(b). PFR File, Tab 1 at 7-8.  However, she has failed to demonstrate that the affidavits, or any of her arguments regarding the affidavits, raise a nonfrivolous allegation that she engaged in protected activity.  *Id.*; *see* IAF, Tab 3 at 10-86.

<u>The appellant established jurisdiction over her USERRA discrimination claim under 38 U.S.C. § 4311(a).</u>

¶8      On review, the appellant contends that the administrative judge erred in finding that she failed to establish jurisdiction over her USERRA discrimination claim under 38 U.S.C. § 4311(a).  PFR File, Tab 1 at 4-6, 11, Tab 4 at 5-7. We agree.

¶9      To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that:  (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.  *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008).  A claim of discrimination under USERRA should be broadly construed in determining whether it is nonfrivolous, particularly where, as here, the appellant is pro se.  *Id.*  Our reviewing court, the U.S. Court of Appeals for the Federal Circuit, has agreed with the Board's "liberal approach in determining whether jurisdiction exists under USERRA." *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998).

¶10     The administrative judge correctly found, and the agency does not dispute, that the appellant nonfrivolously alleged the first two requirements for establishing jurisdiction over a USERRA claim, i.e., that she had prior uniformed service and that the agency denied her a benefit of employment by terminating her employment during her probationary period.[6]  ID at 3, *see* IAF, Tab 23 at 4. We find that the appellant also raised a nonfrivolous allegation that her uniformed

---

[6] In addition, the agency submitted documentation below reflecting that the appellant performed military service in the U.S. Marine Corps, and received an honorable discharge in 2002.  IAF, Tab 13 at 23.

service was a motivating factor in the agency's decision to terminate her employment. ID at 3-4.

¶11 The administrative judge found, and the agency does not dispute, that the appellant alleged that her second-line supervisor was motivated by her military service in terminating her employment. ID at 3; IAF, Tab 23 at 8-10. Although the administrative judge found that the appellant did not "explain the basis for her belief," she was not required to do so at the jurisdictional stage of her appeal. ID at 3; *see Patterson v. Department of the Interior*, 424 F.3d 1151, 1155, 1161 (Fed. Cir. 2005) (reversing a finding that the appellant's "vague and generalized statements" were insufficient to establish jurisdiction under USERRA); *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010) (finding jurisdiction under USERRA even though the appellant's allegations were "vague and lacking in specificity"); *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 10 (2009) (finding that a claim by an appellant that "agency officials didn't like the fact" of his military service was sufficient to establish jurisdiction over his USERRA appeal).

¶12 Furthermore, as the appellant argues on review, she raised specific allegations below that her second-line supervisor was motivated by her military service in terminating her employment. PFR File, Tab 1 at 5-6, Tab 4 at 6. We recognize that the appellant's pleadings below were not a model of clarity and that she raised numerous arguments that were not pertinent to the issue of the Board's jurisdiction over her USERRA appeal. However, in her submissions below, the appellant alleged that, in terminating her employment, her second-line supervisor was improperly influenced by a coworker with anti-military animus.[7]

---

[7] The appellant also alleged, as she does on review, that the agency treated another similarly situated employee more favorably than her. PFR File, Tab 1 at 11, Tab 4 at 6-7; IAF, Tab 23 at 10-11. As she concedes, however, that employee also had prior uniformed service in the U.S. Marine Corps and also was a disabled veteran. IAF, Tab 12 at 9, 11, Tab 13 at 22. Therefore, the appellant's claim that the agency treated that other employee more favorably than her fails to raise a nonfrivolous allegation that

IAF, Tab 5 at 15-16, Tab 23 at 8-9.  She claimed that her second-line supervisor "showed a particular preference" for this coworker, and "took her feelings into consideration."  IAF, Tab 23 at 8.  The appellant further alleged that her coworker had voiced anti-military animus to her second-line supervisor and that the second-line supervisor was "trying to please" her coworker.[8]  IAF, Tab 5 at 15-16, Tab 23 at 8.

¶13     On review, the agency contends that the appellant's claims that her uniformed service was a motivating factor in the decision to terminate her employment lack merit.[9]  PFR File, Tab 3 at 4-13.  However, the weakness of the assertions in support of a claim is not a basis to dismiss a USERRA appeal for lack of jurisdiction; rather, if the appellant fails to develop her contentions, her USERRA claim should be denied on the merits.  *Searcy*, 115 M.S.P.R. 260, ¶ 7.

¶14     Below, the appellant requested a decision on the written record, and therefore, waived her right to a hearing.  IAF, Tab 19 at 5; *see Taynton v.*

---

she was terminated due to her military service.  *See Daniels v. U.S. Postal Service*, 88 M.S.P.R. 630, ¶¶ 5-6 (an appellant failed to establish jurisdiction over a USERRA claim where he alleged that another veteran was "a favorite" of the supervisor who terminated him, and his allegations suggested animus against the appellant specifically, as opposed to veterans generally), *aff'd*, 25 F. App'x 970 (Fed. Cir. 2001).

[8] The appellant analogizes her case to *Staub v. Proctor Hospital*, 562 U.S. 411 (2011), in which the U.S. Supreme Court found that, where immediate supervisors took actions against an employee that were motivated by anti-military animus, they intended their acts to adversely affect the employee, and their acts were the proximate cause of the deciding official's decision to terminate the employee, the employer violated USERRA even though the deciding official was unaware of, and did not share, the anti-military animus.  IAF, Tab 23 at 8-10; PFR File, Tab 1 at 5-6, Tab 4 at 6; *see Staub*, 562 U.S. at 413-17, 422.  However, in *Staub*, the Supreme Court explicitly declined to address whether its holding would apply in cases where the employee exhibiting discriminatory animus was not a supervisor, but was merely a coworker.  *Staub*, 562 U.S. at 422 n.4.  We need not decide this issue at this stage of the appeal, because in the present case, unlike in *Staub*, the appellant alleged that her second-line supervisor was aware of her coworker's anti-military animus, and terminated the appellant with specific intent to please the coworker.  IAF, Tab 5 at 15-16, Tab 23 at 8-9.

[9] In response to the petition for review, the agency also has submitted documentation, some of which was not included in the record below.  *See, e.g.*, PFR File, Tab 3 at 20.

*Department of the Air Force*, [101 M.S.P.R. 547](#), ¶ 6 (2006) (denying a petition for review requesting a hearing in a USERRA appeal where the appellant withdrew her hearing request below).  Ordinarily, under these circumstances, we could adjudicate the merits of the appellant's USERRA claims in the first instance on review based on the written record.  *See Haebe v. Department of Justice*, [288 F.3d 1288](#), 1302 (Fed. Cir. 2002) (holding that, when an administrative judge's findings are not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues).  In the present case, however, we are unable to do so because, below, the appellant filed a motion to compel discovery responses, which the administrative judge declined to rule on, pending a decision on the issue of jurisdiction.  IAF, Tab 21 at 4-26, Tab 25.  Accordingly, we remand this appeal for the administrative judge to rule on the appellant's motion to compel discovery and, following any discovery that the administrative judge deems necessary, for adjudication of the appellant's USERRA appeal on the merits.

The Board lacks jurisdiction over the appellant's claims regarding criminal actions and harmful procedural errors.

¶15     On review, the appellant raises a number of claims that the Board lacks jurisdiction to consider.  *See, e.g.*, PFR File, Tab 1 at 4, 8-9, 10-11.  For example, as she did below, the appellant contends that her first- and second-line supervisors committed a crime by lying under oath during her EEO investigation, in violation of [18 U.S.C. § 1001](#).  PFR File, Tab 1 at 4; IAF, Tab 3 at 10, Tab 14 at 9.    Further, on review, she claims that the agency committed harmful procedural errors in effectuating her termination.  PFR File, Tab 1 at 10-11.

¶16     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985).  The Board's jurisdiction over USERRA claims does not extend to non-USERRA issues, such as claims of discrimination under title VII and its progeny.  *Bodus v. Department of the Air*

*Force*, [82 M.S.P.R. 508](#), ¶¶ 15-17 (1999); *see Metzenbaum v. Department of Justice*, [89 M.S.P.R. 285](#), ¶¶ 2-3, 15 (2001) (finding that the Board lacked jurisdiction to consider an appellant's claims of disability discrimination and EEO reprisal in the context of a USERRA appeal).  As the administrative judge properly concluded, the appellant has not explained how these other claims relate to her claims that she was terminated due to her military status.  PFR File, Tab 1 at 10-11; ID at 3-4.[10]

## ORDER

¶17    For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.  In her remand initial decision, the administrative judge may adopt her prior findings concerning the appellant's claim under section 4311(b) of USERRA and her claims of harmful procedural error and of violations of non-USERRA laws.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[10] On review, the appellant attempts to raise again a claim of whistleblower reprisal. PFR File, Tab 1 at 8.  The Board, on two occasions, previously has dismissed her claims that she was terminated in reprisal for protected whistleblowing for lack of jurisdiction on the ground that she failed to demonstrate that she exhausted her administrative remedies with the Office of Special Counsel (OSC).  *See Gonzalez v. Department of Agriculture*, MSPB Docket NoDC-315H-15-0114-I-1, Final Order (Apr. 17, 2015); *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-4324-15-0879-W-1, Initial Decision (July 9, 2015).  The appellant has not provided evidence that she exhausted her administrative remedies with OSC on review.  We again remind the appellant that, if she wishes to pursue an individual right of action appeal before the Board, she must first exhaust her administrative remedies with OSC.