**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN SCOTT,

Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,

Agency.

DOCKET NUMBER
CH-315H-15-0595-I-1

DATE: March 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Oliver Sanders, Ecorse, Michigan, for the appellant.

Amy C. Slameka, Detroit, Michigan, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed an appeal challenging his termination from a Transportation Assistant position during his probationary period. Initial Appeal File (IAF), Tab 1. In the acknowledgment order, the administrative judge notified the appellant of the jurisdictional requirement for a probationary termination claim and ordered the appellant to file evidence and argument establishing the Board's jurisdiction over such a claim. IAF, Tab 2 at 2-5. The appellant filed a response on jurisdiction alleging that he is a disabled veteran, he was terminated for conditions arising before his appointment, the agency failed to follow the appropriate procedural requirements and provide him with the required due process, and he was discriminated against based on a disability. IAF, Tab 5. The agency filed a motion to dismiss the appeal for lack of jurisdiction arguing that the appellant was terminated for conduct that occurred during his probationary period and not for preappointment reasons as he alleged. IAF, Tab 6 at 6-7.

¶3 The administrative judge notified the appellant of the jurisdictional requirements for a claim under the Veterans Employment Opportunities Act of

1998 (VEOA) and ordered him to file evidence and argument establishing the Board's jurisdiction over a VEOA claim. IAF, Tab 8. The administrative judge also notified the appellant of the jurisdictional requirements under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) and ordered him to file evidence and argument that would establish the Board's jurisdiction over a USERRA claim. IAF, Tab 7. The appellant filed a second response on jurisdiction identifying himself a preference-eligible veteran and reiterating his argument that the Board has jurisdiction because he was terminated for absences precipitated by a preappointment medical condition, and thus, the agency violated 5 C.F.R. § 315.805 by not providing him with notice and an opportunity to respond prior to terminating his appointment during his probationary period. IAF, Tab 11.

¶4        The administrative judge issued an initial decision, without holding a hearing, finding that the Board lacks jurisdiction over the appeal because the appellant had not alleged that he met the statutory definition of "employee," had not alleged that he was terminated based on marital status discrimination or partisan political affiliation, had not alleged that he exhausted his VEOA remedy before the Department of Labor (DOL), and had not alleged that his termination was due to the performance of duty or obligation to perform duty in the military. IAF, Tab 11, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3-4.[2]

---

[2] After the record in this matter closed, the appellant submitted several documents to the Office of the Clerk of the Board which appear to be an order issued by the U.S. Court of Appeals for the Federal Circuit, a pleading filed with the Federal Circuit requesting leave to re-file a petition for review and a pleading with the appellant's MSPB docket number titled "Appellant Response to Agency's Motion to Deny Petition for Review." PFR File, Tab 5. Because the record in this matter had already closed upon the expiration of the period for filing the reply to the response to the petition for review, *see* 5 C.F.R. § 1201.114(k), and because the appellant did not comply with the Board's regulation that required him to file a motion and obtain leave to submit an

¶5     To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1).   5 U.S.C. § 7513(d); *see Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶ 6 (2006).  For an individual in the competitive service, this means that he must either not be serving a probationary period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.   5 U.S.C. § 7511(a)(1)(A).   Individuals in the competitive service who do not satisfy either definition may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. § 315.806 if they alleged they were discriminated against based on marital status or for partisan political reasons or the termination was based on preappointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 10 (2010).

¶6     It is undisputed that at the time of his termination, the appellant did not meet the statutory definition of "employee" with Board appeal rights under 5 U.S.C. chapter 75 because he was serving a probationary period in the competitive service and had not completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  *See* 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-44 (Fed. Cir. 2002); ID at 2.  Further, the appellant has not challenged the administrative judge's finding that he failed to nonfrivolously allege discrimination based on marital status or for partisan political reasons, and we discern no basis to disturb that finding.  *See Awa v. Department of the Navy*, 41 M.S.P.R. 318, 322 (1989).  Although he has identified himself as a preference−eligible, disabled veteran, the appellant has not alleged that his

---

additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered this submission on review.

termination was based on his service or obligation to perform service in the military, and thus, he has not made a nonfrivolous allegation of jurisdiction under USERRA.[3] *See Daniels v. U.S. Postal Service*, 88 M.S.P.R. 630, ¶¶ 6-9 (finding that a claim of discrimination based on a disability arising out of military service is not within the Board's jurisdiction under USERRA), *aff'd*, 25 F. App'x 970 (Fed. Cir. 2001). Further, the appellant has not established jurisdiction under VEOA because he has not shown that he first filed a complaint with DOL. *See Tindall v. Department of the Army*, 84 M.S.P.R. 230, ¶ 5 (1999) (finding that the Board lacks jurisdiction under VEOA when the appellant did not file a complaint with the DOL).

¶7      As the administrative judge correctly found, the Board distinguishes between a preexisting condition and the effect a preexisting condition has on an employee's performance or conduct during his probationary period. *West v. Department of Health & Human Services*, 122 M.S.P.R. 434, ¶ 10 (2015). The appellant's attendance problems, even if they were caused by a preexisting medical condition, are not a preappointment reason for his termination. *Holloman v. Department of the Navy*, 31 M.S.P.R. 107, 110 (1986). The appellant also appears to allege that an agency physician provided false information and omitted relevant information in certifying that he was able to return to work and failed to provide him with a reasonable accommodation. PFR File, Tab 4 at 2-3. Because the appellant's termination is not an action subject to the Board's jurisdiction, his arguments regarding the propriety of the termination decision and disability discrimination are immaterial. *See Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980). Therefore, we conclude that the administrative judge appropriately dismissed this appeal for lack of jurisdiction.

---

[3] The appellant has clarified that the absences that resulted in his termination were not due to military service and that he only mentioned his status as a preference‑eligible veteran to prove that he had a preexisting medical condition at the time of his appointment. PFR File, Tab 4 at 3.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.